# EXHIBIT A

4697142.1

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | 99 Cents Only Stores LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | The 99 Store; Momentum Brands |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 9 5 – 2 4 1 1 6 0 5 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1730 Flight Way, Suite 100 | |
| Number   Street | Number   Street |
| | P.O. Box |
| Tustin, CA 92782 | |
| City   State   ZIP Code | City   State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Orange County | |
| County | Number   Street |
| | |
| | City   State   ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | 99only.com |

| Debtor | 99 Cents Only Stores LLC | Case number (if known) _____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

**A. Check one:**

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B. Check all that apply:**

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See** http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>  <u>5</u>  <u>2</u>  <u>3</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

**Check one:**

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. Check **all** that apply:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    99 Cents Only Stores LLC
_____
          Name

Case number (if known) _____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY

        District _____ When _____ Case number _____
                                      MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor   See Rider 1                    Relationship   Affiliate

        District   Delaware                    When   Date Hereof
                                                      MM / DD / YYYY

        Case number, if known _____

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** (*Check all that apply.*)

   ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

   ☐ It needs to be physically secured or protected from the weather.

   ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

   ☐ Other _____

   **Where is the property?** _____
                              Number          Street

                              _____

                              _____
                              City                            State ZIP Code

   **Is the property insured?**

   ☐ No

   ☐ Yes. Insurance agency _____

          Contact name   _____

          Phone          _____

---

| | Statistical and administrative information |
|---|---|

| Debtor | 99 Cents Only Stores LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**
(on a consolidated basis, based on unaudited financial statements as of 2/29/2024)

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
(on a consolidated basis, based on unaudited financial statements as of 2/29/2024)

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/07/2024
       MM  / DD / YYYY

✖ /s/ Christopher J. Wells                          Christopher J. Wells
Signature of authorized representative of debtor      Printed name

Title  Chief Restructuring Officer

| Debtor | 99 Cents Only Stores LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney**

✖ /s/ Robert J. Dehney, Sr.                    Date    04/07/2024

Signature of attorney for debtor                              MM  / DD / YYYY

Robert J. Dehney, Sr.
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 N. Market Street, 16th Floor, P.O. Box 1347
Number      Street

Wilmington                                    DE        19899-1347
City                                          State      ZIP Code

(302) 658-9200                               rdehney@morrisnichols.com
Contact phone                                 Email address

3578                                          DE
Bar number                                    State

**Rider 1**

**Pending or Current Bankruptcy Cases Filed by Affiliates**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

| Debtor | |
|---|---|
| 1. | Number Holdings, Inc. |
| 2. | 99 Cents HoldCo LLC |
| 3. | 99 Cents Only Stores LLC |
| 4. | 99 Cents Only Stores Texas, Inc. |
| 5. | 99 Cents PropCo LLC |
| 6. | Bargain Wholesale LLC |

Fill in this information to identify the case:

Debtor name  **Number Holdings, Inc. et al.**

United States Bankruptcy Court for the: _____ District of **Delaware**

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1]

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | EMCOR Group, Inc. 301 Merritt Seven Norwalk, CT 06851 | Attn: Tim Murphy Title: President & CEO Email: tim_murphy@emcorgroup.com Phone: (203) 849-7800 | Trade Payable | | | | $ 7,156,365 |
| 2 | Promate Inc 5688 S Boyle Ave Vernon, CA 90058 | Attn: Sergio Garcia Title: Owner Email: sergiopromate@icloud.com Phone: 323-228-8699 | Trade Payable | | | | $ 6,792,351 |
| 3 | Capstone Logistics LLC 30 Technology Pkwy South Suite 200 Peachtree Corners, GA 30092 | Attn: Rick Tomcho Title: President Email: rick.tomcho@capstonelogistics.com Phone: (770) 414-1929 | Trade Payable | | | | $ 4,266,057 |
| 4 | Ford Hong Kong Limited Unit 1, G/F Vanta Industrial Center 21-33 Tai Lin Pai Road Kwai Chung, New Territories Hong Kong | Attn: Alan Kong Title: Owner Email: marieysl@fordhk.net Phone: (011) 852-2499-4238 | Trade Payable | | | | $ 3,488,391 |
| 5 | Dart Warehouse Corporation 1430 South Eastman Ave Los Angeles, CA 90023 | Attn: Mindy Dwyer Title: VP of Human Resources Email: mdwyer@dartentities.com | Trade Payable | | | | $ 2,415,449 |
| 6 | Eggs Unlimited LLC 92 Corporate Park Suite C-803 Irvine, CA 92606 | Attn: Tim Cohen Title: President Email: tcohen@eggsunlimited.com Phone: (888) 554-3977 | Trade Payable | | | | $ 2,343,935 |
| 7 | Lewisco Holdings LLC 208 W 30th Street New York, NY 10011 | Attn: Jonathan Fox Title: Founder & Co-CEO Email: jf@lewiscoholdings.com Phone: (917) 651-0101 | Trade Payable | | | | $ 2,214,439 |

---

[1]   The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

[2]   The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 8 Variety Asia Ltd<br>St. George's Building, Room 303 2 Ice House Street<br>Central<br>Hong Kong | Attn: Gary<br>Email: sales4@variety-asia.com<br>Phone: 852 21231726 | Trade Payable | | | | $ 2,123,323 |
| 9 Dollar Sourcing Trading Co Ltd<br>No. 128<br>East of Changshou Rd<br>Yinzhou<br>Ningbo, 315105<br>China | Attn: John Zheng<br>Email: john@home-dollar.com | Trade Payable | | | | $ 1,904,448 |
| 10 Bimbo Bakeries USA Inc<br>355 Business Center<br>Horsham, PA 19044-3414 | Attn: Darrell Miller<br>Title: VP, Controller & Treasurer<br>Email: dmiller@bbumail.com<br>Phone: (215) 672-8010 | Trade Payable | | | | $ 1,869,219 |
| 11 Frito Lay Inc<br>7701 Legacy Drive<br>Plano, TX 75204-4099 | Attn: Chris Quinn<br>Title: VP of Sales<br>Email: chris.m.quinn@fritolay.com | Trade Payable | | | | $ 1,668,547 |
| 12 Reyes Coca Cola Bottling LLC<br>7400 N. Oak Park Avenue<br>Niles, IL 60714 | Attn: J. Christopher Reyes<br>Title: Chief Executive Officer<br>Email: creyes@reyesholdings.com | Trade Payable | | | | $ 1,641,516 |
| 13 Ningbo Assisting Trading Co Ltd<br>No. 258 Dieyuan Rd<br>Room 2601<br>Ningbo, 315100<br>China | Email: Emily@ningbotower.com<br>Phone: (+86) 18868637544 | Trade Payable | | | | $ 1,557,701 |
| 14 J B Hunt Transport Inc<br>615 J.B. Hunt Corporate Drive<br>Lowell, AR 72745 | Attn: John Roberts<br>Title: President & CEO<br>Email: john_roberts@jbhunt.com | Trade Payable | | | | $ 1,539,607 |
| 15 Vistar<br>1188 Inverness Dr West 800<br>Englewood, CO 80112 | Attn: Darren Hamblen<br>Title: President<br>Email: darrenhamblen@vistar.com<br>Phone: (253) 301-4660 | Trade Payable | | | | $ 1,463,028 |
| 16 Producers Dairy Foods Inc<br>250 E Belmont Ave.<br>Fresno, CA 93701 | Attn: John Keith<br>Title: President & COO<br>Email: john.keith@producersdairy.com<br>Phone: (559) 264-6583 | Trade Payable | | | | $ 1,439,383 |
| 17 Pepsi Beverages Bottling Group LLC<br>1 Pepsi Way<br>Somers, NY 10589 | Attn: Ram Krishnan<br>Title: CEO<br>Email: ram.krishnan@pepsico.com<br>Phone: 704-736-2640 | Trade Payable | | | | $ 1,429,197 |
| 18 DSL Holding Limited<br>Floor 10, Block A<br>Eldex Industrial Building<br>No. 21 Ma Tau Wai Rd<br>Hung Hom, Kowloon<br>Hong Kong | Attn: Ms. Helen Chu<br>Title: Sales & Marketing<br>Email: helen@dslholding.com<br>Phone: (852) 2187477 | Trade Payable | | | | $ 1,361,867 |
| 19 Ningbo Home-Dollar Imp & Exp Corp<br>69 Guangyuan Rd<br>Ningbo, Zhejiang, 315033<br>China | Attn: Moon Yan<br>Title: VP of Business<br>Email: myan@home-dollar.com | Trade Payable | | | | $ 1,340,584 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 20 Reach International Trading Limited Unit A, 9F. Silvercorp International Tower 707-713 Nathan Road Mongkok, Kowloon Hong Kong | Attn: Robert and Nickel Title: Owners Email: nickel@nbreach.cn Phone: (86) 574-82829852 | Trade Payable | | | | $ 1,232,412 |
| 21 Nissin Foods USA Co Inc 2001 W. Rosecrans Avenue Gardena, CA 90249 | Attn: Michael Price Title: President & CEO Email: mprice@nissinfoods.com Phone: (+81) 3-3205-5111 | Trade Payable | | | | $ 1,201,955 |
| 22 Passion Growers West LLC 1352 Decision Street Vista, CA 92081 | Attn: Eugenia Barth Title: General Manager, West Coast Email: eugenia@passiongrowers.com Phone: (760) 598-6380 | Trade Payable | | | | $ 1,139,551 |
| 23 Mayflower Distributing Company Inc 1155 Medallion Drive Mendota Heights, MN 55120 | Attn: Joe Abelovitz Title: CEO Email: j.abelovitz@mayflowerdistributing.com Phone: (651) 452 4892 | Trade Payable | | | | $ 1,116,163 |
| 24 Little Farm Distribution Inc 456 E 19th St Upland, CA 91784 | Attn: Mario Varo Perez Title: President & CEO Email: mario.perez@losaltosfoods.com Phone: (909) 929-4940 | Trade Payable | | | | $ 1,099,375 |
| 25 Safeway Inc d/b/a: Lucerne Foods Inc 5918 Stoneridge Mall Road Pleasanton, CA 94588 | Attn: Wendy Gutshall Title: Director, Public and Government Affairs Email: wendy.gutshall@safeway.com Phone: 510-847-2623 | Trade Payable | | | | $ 1,094,350 |
| 26 Fabrica De Jabon La Corona Sa De C.V. Carlos B. Zetina Xalostoc No 80 Xalostoc Industrial Park Ecatepec de Morelos, 55348 Mexico | Attn: Alejandra Martin Del Campo Email: alejandram@lacorona.com.mx Phone: (+52) 55-5747-4545 | Trade Payable | | | | $ 1,086,206 |
| 27 Colgate-Palmolive Co 300 Park Ave. 11th Floor New York, NY 10022 | Attn: Jesper Nordengaard Title: President Email: jesper_nordengaard@colpal.com Phone: (212) 310-2000 | Trade Payable | | | | $ 1,081,719 |
| 28 Ciuti International Inc 10865 Jersey Boulevard Rancho Cucamonga, CA 91730 | Attn: Marcel Trincale Title: CEO Email: marcel@ciuti.com Phone: (909) 484-1414 | Trade Payable | | | | $ 1,066,087 |
| 29 Mckee Foods Corp 10260 McKee Rd Collegedale, TN 37363 | Attn: Chris McKee Title: President & COO Email: chris_mckee@mckee.com | Trade Payable | | | | $ 1,064,414 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 30 | State of California District Attorney, County of San Diego 330 W. Broadway Suite 750 San Diego, CA 92101 <br><br> - and – <br><br> State of California District Attorney, County of Los Angeles 211 W. Temple St. Floor 10 Los Angeles, CA 90012-4455 | Attn: Thomas Papageorge Title: Head Deputy District Attorney Email: Thomas.Papageorge@sdcda.org Phone: (619) 531-4137 <br><br> - and – <br><br> Attn: Hoon Chun Title: Head Deputy District Attorney Email: Hchun@da.lacounty.gov Phone: (213) 257-2460 | Litigation (Pricing Violation) | Contingent, Unliquidated, Disputed | | | Undetermined |

## ACTION BY WRITTEN CONSENT
## OF THE SOLE MEMBER
## OF
## 99 CENTS ONLY STORES LLC

### April 7, 2024

The undersigned being the sole member (in such capacity, the "Sole Member") of 99 Cents Only Stores LLC, a California limited liability company (the "Company"), acting pursuant to Section 17704.07(n) of the California Revised Uniform Limited Liability Company Act and the Limited Liability Company Agreement of the Company ("LLCA"), approves and adopts the following resolutions with the same force and effect as if they were adopted at a duly constituted meeting of the Sole Member:

**WHEREAS**, the Sole Member has considered the financial and operational condition of the Company;

**WHEREAS**, the Sole Member has reviewed the historical performance and results of the Company, the market in which the Company operates, its current and future liquidity needs, its business prospects, and its current and long-term liabilities;

**WHEREAS**, the Sole Member has reviewed the materials presented by its financial, legal, and other advisors and has engaged in numerous and extensive discussions (including, without limitation, with management and legal and financial advisors of the Company) regarding, and has had the opportunity to fully consider, the Company's financial condition, including its liabilities and liquidity position, the strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations; and

**WHEREAS**, the Sole Member has determined that it is desirable and in the best interests of the Company and its respective creditors, equity holders, employees, and other parties-in-interest that the Company file or cause to be filed a voluntary petition (a "Voluntary Petition") for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

### Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that it is advisable and in the best interests of the Company that the Company file, or cause to be filed, a Voluntary Petition commencing the Chapter 11 Case; and

**BE IT FURTHER RESOLVED**, that any authorized officer of the Company, including the Chief Restructuring Officer, and any person authorized by such officers (the "Authorized Officers"), be, and each of them is, authorized, empowered, and directed to execute and file, or cause to be filed, with the bankruptcy court, for the Company, all petitions, schedules, lists, motions, applications, pleadings, and any other necessary papers or documents (collectively, "Chapter 11 Case Documents"), including any amendments to such Chapter 11 Case Documents, and to take any and all action and perform any and all further deeds that they deem necessary or proper to

obtain chapter 11 bankruptcy relief or in connection with the chapter 11 case of the Company (the "Chapter 11 Case"), with a view to the successful prosecution of such Chapter 11 Case.

## Debtor in Possession Financing

**WHEREAS**, the Sole Member has been presented with a commitment letter proposed to be entered into by and between the Company, as the borrower, and the commitment party to such "Commitment Letter", in substantially the form attached to this written consent as Exhibit A (the "DIP Commitment Letter"), pursuant to which the commitment party would provide a $60.8 million super-priority senior secured debtor in possession term loan credit facility (the "DIP Credit Facility");

**WHEREAS**, the Sole Member has had the opportunity to consult with its respective legal and financial advisors to fully consider and discuss the key terms of the foregoing; and

**WHEREAS**, the Sole Member has determined that the transactions contemplated by the DIP Commitment Letter are desirable and in the best interests of the Company and that, in connection with the Chapter 11 Case, entry into the DIP Commitment Letter and the effectuation of the transactions contemplated by the DIP Commitment Letter are necessary and appropriate to the continuation and preservation of the value of the business of the Company.

**NOW, THEREFORE, BE IT RESOLVED**, that the DIP Commitment Letter, the DIP Credit Facility and the terms and provisions of each of the DIP Commitment Letter and any and all of the other agreements to which the Company is a party, including, without limitation, certificates, documents, agreements, deeds, and instruments authorized, executed, delivered, reaffirmed, verified or filed in connection with the DIP Credit Facility, and the Company's performance of its obligations under the DIP Commitment Letter and the DIP Credit Facility, including any guarantees and the granting of security interests contemplated under the DIP Commitment Letter and the DIP Credit Facility and the borrowings under the DIP Credit Facility, are authorized and approved;

**BE IT FURTHER RESOLVED**, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each of them is, authorized, empowered, and directed, in the name and on behalf of the Company, to, if the Authorized Officers determine it to be necessary or appropriate, enter into the DIP Commitment Letter and the DIP Credit Facility, and any related documents or instruments, each on terms and conditions agreed to by the Company, the lender and the agent and such other terms as are customary for similar debtor-in-possession facilities and to cause the Company to grant a senior security interest in substantially all of its assets in connection with the DIP Commitment Letter and the DIP Credit Facility, and to undertake any and all related transactions contemplated by the DIP Commitment Letter and the DIP Credit Facility;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them is, authorized, empowered, and directed, in the name and on behalf of the Company, to, if the Authorized Officers determine it to be necessary or appropriate, cause to be prepared, to negotiate, execute, and deliver, and the Company is authorized to perform its obligations and take the actions contemplated under, the DIP Credit Facility and such other documents, agreements, guaranties,

instruments, financing statements, notices, undertakings, certificates, and other writings as may be required by, contemplated by, or in furtherance of the DIP Credit Facility (collectively, "Supplemental DIP Credit Documents"), each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Officers, and any amendments, restatements, amendments and restatements, supplements, or other modifications to such Supplemental DIP Credit Documents, in each case with such changes in such Supplemental DIP Credit Documents and additions to such Supplemental DIP Credit Documents (substantial or otherwise) as shall be deemed necessary, appropriate, or advisable by any Authorized Officer executing the same in the name and on behalf of the Company, such approval to be evidenced conclusively by such execution;

    **BE IT FURTHER RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against the Company's assets as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code;

    **BE IT FURTHER RESOLVED**, that the Company will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Credit Facility to the Company and its affiliates;

<u>**Retention of Advisors**</u>

    **BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them is, authorized, empowered, and directed to employ the law firm of Milbank LLP as general bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection with such employment, the Authorized Officers are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Milbank LLP;

    **BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them is, authorized, empowered, and directed to employ the firm of Morris, Nichols, Arsht & Tunnell LLP as Delaware bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection such employment, the Authorized Officers are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Morris, Nichols, Arsht & Tunnell LLP;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them is, authorized, empowered, and directed to employ the firm of Jefferies LLC as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection with such employment, the Authorized Officers are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Jefferies LLC;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them is, authorized, empowered, and directed to employ the firm of Alvarez & Marsal North America, LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection with such employment, the Authorized Officers are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Alvarez & Marsal North America, LLC;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them is, authorized, empowered, and directed to employ the firms of Hilco Merchant Resources, LLC and Hilco Real Estate, LLC (collectively, "Hilco") as retail consultant and real estate consultant and advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection with such employment, the Authorized Officers are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Hilco;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them is, authorized, empowered, and directed to employ the firm of Kroll Restructuring Administration LLC as claims and noticing agent to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection with such employment, the Authorized Officers are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Kroll Restructuring Administration LLC;

BE IT FURTHER RESOLVED, that the Authorized Officers be, and each of them is, authorized, empowered, and directed to employ any other professionals, including attorneys, accountants, and tax advisors, necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection with such employment, the Authorized Officers are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case, and cause to be executed

and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary;

### Other Authorization and Ratification

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them is, authorized, empowered, and directed, in the name and on behalf of the Company, to prosecute the Chapter 11 Case in a manner that in their business judgment is likely to maximize the recovery for stakeholders in the Company and minimize the obligations incurred by the Company;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper, and desirable to prosecute to a successful completion the Chapter 11 Case, including, but not limited to, implementing the foregoing resolutions and the transactions contemplated by this written consent and paying all expenses, including but not limited to filing fees;

**BE IT FURTHER RESOLVED**, that Authorized Officers be, and each of them is, authorized, empowered, and directed, in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before this written consent was certified, are in all respects approved and ratified.

**IN WITNESS WHEREOF**, the undersigned has executed this action by written consent of the sole member of 99 Cents Only Stores LLC as of the date written above.

**Number Holdings, Inc.**

By: _Mary Kasper_
           90D3D0195909448...
Name:  Mary Kasper
Title:    Chief Legal Officer, General
             Counsel and Secretary

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| NUMBER HOLDINGS, INC. *et al.*,[1] | ) Case No. 24-[_____ (_)] |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |
|  | ) |
|  | ) |

## CONSOLIDATED CORPORATE OWNERSHIP
## <u>STATEMENT AND LIST OF EQUITY SECURITY HOLDERS</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each a "<u>Debtor</u>") hereby state as follows:

1.      A list of the equity interest holders of Debtor Number Holdings, Inc., along with the nature of their equity interests, is attached hereto as **<u>Exhibit A</u>**.

2.      Debtor 99 Cents Only Stores LLC, whose address is 1730 Flight Way, Suite 100, Tustin, CA, 92782, is 100% owned by Debtor Number Holdings, Inc., whose address is 1730 Flight Way, Tustin, CA, 92782.

3.      The following Debtors, each of whose address is 1730 Flight Way, Suite 100, Tustin, CA, 92782, are 100% owned by Debtor 99 Cents Only Stores LLC:

      a.      99 Cents HoldCo LLC

      b.      99 Cents Only Stores Texas, Inc.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents HoldCo LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents PropCo LLC (7843); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

c.   Bargain Wholesale LLC

4.   Debtor 99 Cents PropCo LLC, whose address is 1730 Flight Way, Suite 100,

Tustin, CA, 92782, is 100% owned by Debtor 99 Cents HoldCo LLC.

**EXHIBIT A**

List of Number Holdings, Inc.'s Equity Interest Holders[2]

| Equity Holder | Last Known Address | Nature of Equity Interest | Approximate Percentage Held |
|---|---|---|---|
| Ares Corporate Opportunities Fund III LP | 2000 Avenue of the Stars, 12th Floor Los Angeles, CA 90067 | Class A Common Stock | 43.46% |
| | | Class B Common Stock | 43.46% |
| | | Series A Preferred Stock | 68.09% |
| | | Series B Preferred Stock | 32.8% |
| | | Series AA-2 Preferred Stock | 68.78% |
| | | Series Y Stock | 58.81% |
| Canada Pension Plan Investment Board | One Queen Street East Toronto, Ontario, M5C 2W5 Canada | Class A Common Stock | 18.59% |
| | | Class B Common Stock | 18.59% |
| | | Series B Preferred Stock | 19.26% |
| OCM 99 Holdings LLC | 333 South Grand Avenue, 28th Floor Los Angeles, CA 90071 | Class A Common Stock | 14.5% |
| | | Class B Common Stock | 14.5% |
| | | Series AA-1 Preferred Stock | 100% |
| | | Series Y Stock | 14.5% |
| | | Series Z Preferred Stock | 100% |

---

[2]   This list serves as the disclosure required to be made by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of February 2, 2024.

| Equity Holder | Last Known Address | Nature of Equity Interest | Approximate Percentage Held |
|---|---|---|---|
| Wasserstein Debt Opportunities Master LP | 1185 Avenue of the Americas, 39th Floor New York, NY 10036 | Class A Common Stock | 10.04% |
| | | Class B Common Stock | 10.04% |
| | | Series A Preferred Stock | 14.29% |
| | | Series B Preferred Stock | 20.65% |
| | | Series AA-2 Preferred Stock | 12.94% |
| | | Series Y Stock | 11.06% |
| Litespeed Master Fund | 745 Fifth Avenue, 6th Floor New York, NY 10036 | Class A Common Stock | 7.63% |
| | | Class B Common Stock | 7.63% |
| | | Series A Preferred Stock | 13.57% |
| | | Series B Preferred Stock | 14.43% |
| | | Series AA-2 Preferred Stock | 11.67% |
| | | Series Y Stock | 9.98% |
| Mercer QIF Fund PLC – Mercer Investment Fund 1 | 333 South Grand Avenue, 28th Floor Los Angeles, CA 90071 | Class A Common Stock | 1.85% |
| | | Class B Common Stock | 1.85% |
| | | Series B Preferred Stock | 5.05% |
| | | Series AA-2 Preferred Stock | 2.16% |
| | | Series Y Stock | 1.85% |

| Equity Holder | Last Known Address | Nature of Equity Interest | Approximate Percentage Held |
|---|---|---|---|
| The Vanderbilt University | 1185 Avenue of the Americas New York, NY 10036 | Class A Common Stock | 1.48% |
| | | Class B Common Stock | 1.48% |
| | | Series A Preferred Stock | 2.64% |
| | | Series B Preferred Stock | 2.8% |
| | | Series AA-2 Preferred Stock | 3.34% |
| | | Series Y Stock | 2.86% |
| LBL Wasserstein Debt Investment LLC | 1605 LBJ Freeway, Suite 710 Dallas, TX 75234 | Class A Common Stock | 0.57% |
| | | Class B Common Stock | 0.57% |
| | | Series A Preferred Stock | 1.02% |
| | | Series B Preferred Stock | 1.08% |
| | | Series AA-2 Preferred Stock | 0.67% |
| | | Series Y Stock | 0.57% |
| Inteligo Bank Ltd | Seventeen Shop Building, 1st Floor Nassau, Bahamas | Class A Common Stock | 0.48% |
| | | Class B Common Stock | 0.48% |
| | | Series B Preferred Stock | 1.31% |
| Nogra Group SICAF-SIF S.A. – Dilso Compartment | 18 Avenue de la Porte-Neuve GDL L-2227, Luxembourg | Class A Common Stock | 0.43% |
| | | Class B Common Stock | 0.43% |
| | | Series B Preferred Stock | 1.18% |
| Felicia Thornton | ▮▮▮▮▮▮ | Class A Common Stock | 0.37% |
| | | Class B Common Stock | 0.37% |
| | | Series AA-2 Preferred Stock | 0.43% |
| | | Series Y Stock | 0.37% |

| Equity Holder | Last Known Address | Nature of Equity Interest | Approximate Percentage Held |
|---|---|---|---|
| Mizuho US High Yield LA US Dollar Denominated HY | 90 Hudson Street Jersey City, NJ 07302 | Class A Common Stock | 0.21% |
| | | Class B Common Stock | 0.21% |
| | | Series A Preferred Stock | 0.24% |
| | | Series B Preferred Stock | 0.46% |
| Descartes Trading | 17 Cours Valmy Paris 92972 France | Class A Common Stock | 0.14% |
| | | Class B Common Stock | 0.14% |
| | | Series B Preferred Stock | 0.37% |
| LA US High Yield BD FD % Lord Abbett | 90 Hudson Street Jersey City, NJ 07302 | Class A Common Stock | 0.1% |
| | | Class B Common Stock | 0.1% |
| | | Series A Preferred Stock | 0.11% |
| | | Series B Preferred Stock | 0.21% |
| Burt Flickinger IRA WFCS C/F | 2801 Market Street St. Louis, MO 63103 | Class A Common Stock | 0.05% |
| | | Class B Common Stock | 0.05% |
| | | Series B Preferred Stock | 0.15% |
| Tennessee Consolidated Retirement System | 90 Hudson Street Jersey City, NJ 07302 | Class A Common Stock | 0.02% |
| | | Class B Common Stock | 0.02% |
| | | Series A Preferred Stock | 0.02% |
| | | Series B Preferred Stock | 0.05% |
| William J Magavern II | | Class A Common Stock | 0.01% |
| | | Class B Common Stock | 0.01% |
| | | Series B Preferred Stock | 0.04% |

| Equity Holder | Last Known Address | Nature of Equity Interest | Approximate Percentage Held |
|---|---|---|---|
| Catherine Flickinger IRA WFCS C/F | 2801 Market Street St. Louis, MO 63103 | Class A Common Stock | 0.01% |
| | | Class B Common Stock | 0.01% |
| | | Series B Preferred Stock | 0.03% |
| Flickinger Consulting Co PSP FBO Burt P Flickinger | ████████████████ | Class A Common Stock | 0.01% |
| | | Class B Common Stock | 0.01% |
| | | Series B Preferred Stock | 0.03% |
| John J Olichney (SEP IRA) WFCS as Custodian | 2801 Market Street St. Louis, MO 63103 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | 0.02% |
| Burt P Flickinger C/F Nicholas D Flickinger UTMA NY | ████████████████ | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | 0.02% |
| Permanens Capital | 90 Hudson Street Jersey City, NJ 07302 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series A Preferred Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| Burt P Flickinger C/F David R Flickinger UGMA NY | ████████████████ | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | 0.01% |

| Equity Holder | Last Known Address | Nature of Equity Interest | Approximate Percentage Held |
|---|---|---|---|
| Liberty University LTI | 90 Hudson Street Jersey City, NJ 07302 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series A Preferred Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| Catherine Flickinger | ███████████████ | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| Renee Leigh Siebert (IRA) WFCS as Custodian | 2801 Market Street St. Louis, MO 63103 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| Liberty University Strategic | 90 Hudson Street Jersey City, NJ 07302 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series A Preferred Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| Jane Forman Sheets | █████████ | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| The Gore Trust | 90 Hudson Street Jersey City, NJ 07302 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series A Preferred Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |

| Equity Holder | Last Known Address | Nature of Equity Interest | Approximate Percentage Held |
|---|---|---|---|
| David R Flickinger Roth IRA WFCS as Custodian | 2801 Market Street St. Louis, MO 63103 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| ND Flickinger Roth IRA WFCS as Custodian | 2801 Market Street St. Louis, MO 63103 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| Joe Beck | ████████ | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| Kay Beck | ████████ | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series B Preferred Stock | <0.01% |
| Avenue of the Stars Investments LLC | C/O The Corporation Trust Company 1209 Orange Street Wilmington, DE 19801 | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |
| | | Series AA-2 Preferred Stock | <0.01% |
| | | Series Y Stock | <0.01% |
| Geoffrey Covert | ████████ | Class A Common Stock | <0.01% |
| | | Class B Common Stock | <0.01% |

**Fill in this information to identify the case and this filing:**

Debtor Name __99 Cents Only Stores LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __Corporate Ownership Statement and List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __04/07/2024__
MM / DD / YYYY

✘ /s/ Christopher J. Wells
Signature of individual signing on behalf of debtor

Christopher J. Wells
Printed name

Chief Restructuring Officer
Position or relationship to debtor